IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ANTHONY HILL,                        )
                                     )
        Plaintiff,              )
                                     )
v.                                   )   Case No. CIV-15-881-C
                                     )
CITY OF OKLAHOMA CITY, et al.,       )
                                     )
        Defendants.             )

MEMORANDUM OPINION AND ORDER

Now before the Court is Defendant City of Oklahoma City's Motion for Order Striking Portions of Plaintiff's Rule 30(b)(6) Notice of Deposition (Dkt. No. 54). Plaintiff has responded and the Motion is now at issue. A Rule 30(b)(6) Notice of Deposition "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). Defendant essentially requests that the Court issue a Protective Order to prevent the discovery of information listed in certain paragraphs of the Notice because the matters for examination are not relevant, violate the attorney-client privilege, or seek attorney work product.

Materials protected by the work product doctrine must "'(1) be a document or tangible thing, (2) that was prepared in anticipation of litigation, and (3) was prepared by or for a party, or by or for his representative.'" Wells Fargo Bank, N.A. v. LaSalle Bank Nat'l Ass'n, No. CIV-08-1125-C, 2010 WL 2594828, at *5 (W.D. Okla. June 22, 2010) (quoting Retail Brand Alliance, Inc. v. Factory Mut. Ins. Co., No. 05 Civ. 1031 (RJH) (HBP), 2008 WL 622810, at *3 (S.D.N.Y. Mar. 7, 2008)). First, the party resisting

discovery "has the burden of establishing that the information sought . . . is protected by Rule 26(b)(3)." Feldman v. Pioneer Petroleum, Inc., 87 F.R.D. 86, 88 (W.D. Okla. 1980) (citations omitted). If the court finds the material is protected, the party seeking the information must "show[] that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii); see also Barclaysamerican Corp. v. Kane, 746 F.2d 653, 656 (10th Cir. 1984).

Defendant raised the attorney-client privilege without providing support for its necessity. When a party raises the attorney-client privilege in a federal question case, the federal common law applies. See 8 Wright & A. Miller Fed. Prac. & Proc. § 2016 (3d ed.). The Court reviewed the presented information and finds none of the information sought qualifies for attorney-client privilege protections.

Defendant argues paragraphs 1(a)-(m) should be included in a Protective Order because the information is barred by the work product doctrine. The information sought is related to "[t]he investigation conducted by the City of Oklahoma City pursuant to the Notice of Claim filed by Plaintiff . . . and the manner in which Claims made against the City are investigated and resolved." (Pl.'s Dep. Notice, Dkt. No. 54-1, p. 4.) After the initial police investigation, Plaintiff filed a Notice of Tort Claim and the matter was "assigned to the Litigation Division of the Municipal Counselor's Office" where an attorney conducted an investigation. (Def.'s Mot. to Strike, Dkt. No. 54, p. 9.) Because paragraphs 1(a)-(j) request information resulting from an attorney's investigation

conducted in anticipation of litigation and Plaintiff has not met the requirements imposed by Rule 26(b)(3)(A)(i)-(ii), Defendant's request regarding paragraphs 1(a)-(j) is granted.

Paragraphs 1(k)-(m) request information regarding Defendant's internal investigative procedures and decision-making authority. These policies and procedures were not prepared in anticipation of litigation and are relevant to Plaintiff's § 1983 claim. Because Defendant failed to show the information qualified as attorney work product the request regarding this information is denied.

Defendant argues for a Protective Order regarding paragraphs 3(a)-(m) because this information is barred by the work product doctrine. This request includes information related to "[t]he process employed by the City of Oklahoma City regarding the decision to charge Anthony Hill with Municipal Ordinance violations arising from the incident, the decision to continue the criminal prosecution, and the decision to dismiss the criminal prosecution." (Pl.'s Dep. Notice, Dkt. No. 54-1, p. 6.) Plaintiff argues the materials are not attorney work product, and if they were, Defendant has waived the privilege through its defenses.

The process by which the City of Oklahoma City decided to charge Plaintiff with municipal ordinance violations and subsequent decisions regarding the criminal prosecution is attorney work product. Plaintiff failed to bear the burden of showing substantial need and the inability to obtain the materials by other means without undue hardship. See Fed. R. Civ. P. 26(b)(3)(A)(i)-(ii). The Court finds Plaintiff's waiver argument unpersuasive. Therefore, Defendant's request regarding paragraphs 3(a)-(m) is granted.

Defendant argues the scope of paragraphs 4(a)-(e) should be temporally limited. The items request information related to "[t]he employment and disciplinary records of the Officers involved in the incident." (Pl.'s Dep. Notice, Dkt. No. 54-1, p. 7.) The Court agrees that employment records from an indefinite period are not relevant. Paragraphs 4(a)-(e) shall be limited to five (5) years before the date of the incident in question, or March 2, 2012, and any time thereafter. Defendant also argues paragraphs 4(f)-(i) and 4(k) should be included in the Protective Order because they relate to incidents that occurred after March 2, 2012. Considering the claims and the proportional needs of the case, the Court finds these paragraphs will be discoverable and Defendant's request is denied. However, the Court is not expressing an opinion on whether this information will be admissible at trial. Because Plaintiff provided no argument in response to Defendant's relevance objection regarding paragraph 4(j), Defendant's request is granted.

## CONCLUSION

For the reasons stated, Defendant's Motion for Order Striking Portions of Plaintiff's Rule 30(b)(6) Notice of Deposition (Dkt. No. 54) is GRANTED in part and DENIED in part. Paragraphs 1(a)-(j), 3(a)-(m), and 4(j) are protected from discovery and 4(a)-(e) shall be limited in scope to five (5) years before the date of the incident and any date thereafter.

IT IS SO ORDERED this 23rd day of May, 2017.

ROBIN J. CAUTHRON
United States District Judge