IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY HILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-15-881-C |
| ) | |
| CITY OF OKLAHOMA CITY, et al., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

Now before the Court is the Motion for Summary Judgment filed by Defendants Jeffrey Coffey, Christopher Schubert, Austin Childs, and Timothy Owens (the "moving Defendants") (Dkt. No. 47). Plaintiff has responded and the Motion is now at issue.

I. Background

At about 1:55 a.m. on March 2, 2012, Officer Coffey initiated a traffic stop in Oklahoma City near an apartment complex. Plaintiff Anthony Hill was driving the vehicle. Coffey states he observed the vehicle straddling lane lines, so he conducted a field sobriety test on Plaintiff. Whether Plaintiff committed a traffic violation and whether he passed the sobriety test is disputed. After the test was complete, Coffey asked or told Plaintiff to sit in the back seat of the patrol car. Officer Childs, who observed Coffey initiate the traffic stop, arrived shortly thereafter. When Plaintiff did not sit in the patrol car, the two officers attempted to place Plaintiff in handcuffs.

The accounts of what followed differ. According to Defendants, Plaintiff was belligerent and Coffey deployed a Taser to immobilize Plaintiff and place him in handcuffs.

Childs called Sergeant Shubert, a Drug Recognition Expert Officer, to the scene. Officer Owens also responded. Plaintiff stood up and when the four officers tried to place Plaintiff in the patrol car, he broke free and rushed at the officers. This is when Defendants Tased Plaintiff a second time, put him in maximal restraints, and loaded him into the patrol car.

According to Plaintiff, Coffey and Childs punched him about ten times each, Tased him, and kicked him many times in the body and head before placing him in handcuffs and then in the patrol car. Plaintiff was dragged out of the patrol car and the four Defendants punched, kicked, and Tased him again, with the entire incident lasting 50 minutes to an hour.

The apartment manager, Patti Sangster, partially observed the altercation for thirty minutes to an hour. She testified that the sound of screams woke her up and she observed a man in handcuffs and police officers laughing. She saw a man spitting up blood, answering the officers' questions respectfully, and being Tased by the officers while in handcuffs. A couple of days after the incident, the same man who identified himself as Anthony Hill came to ask if she had observed the incident.

Defendants transported Plaintiff to Deaconess Hospital to remove the Taser probes and to determine whether Plaintiff was under the influence of drugs. For disputed reasons, no one performed medical tests on Plaintiff to detect intoxicating substances. Plaintiff's injuries were photographed and he was released. Nurse Monique Ritz testified that while she did not specifically remember this incident, normally the treating physician determines why a patient requires treatment and sometimes the doctor would talk to police officers to get all the facts rather than only the patient.

The incident resulted in Plaintiff's prosecution in the City of Oklahoma City Municipal Criminal Court for the following citations: straddling lane lines, interference with official process by resisting, driving under the influence, possession of marijuana, and assault and battery on a city official. The case was eventually dismissed on August 13, 2013, with the City of Oklahoma City stating "upon further review and investigation [the City] moves for dismissal of the above captioned action." (Mot. to Dismiss Municipal Case, Dkt. No. 47-12.) The Municipal Judge granted the Motion for good cause shown. (Order of Dismissal, Dkt. No. 47-12.)

## II. Standard

The standard for summary judgment is well established. Summary judgment may only be granted if the evidence of record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth specific facts outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(c). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The facts presented need not be produced in a form admissible at

trial, "but the content or substance of the evidence must be admissible." Thomas v. Int'l Bus. Machines, 48 F.3d 478, 485 (10th Cir. 1995) (citation omitted).

The moving Defendants argue for judgment as a matter of law on Plaintiff's malicious prosecution, conspiracy, and unlawful restraint claims. Defendants also raise qualified immunity as to the malicious prosecution and conspiracy claims. Where the defense is raised, the Court will address qualified immunity as the first ground for summary judgment. See Bowden v. Hignite, No. CIV-06-0811-F, 2007 WL 1994070, at *5 (W.D. Okla. July 5, 2007) (citing Hunter v. Bryant, 502 U.S. 224, 227 (1991)).

### III. Malicious Prosecution

Plaintiff's first cause of action is malicious prosecution brought pursuant to 42 U.S.C. § 1983. Moving Defendants have raised the defense of qualified immunity. In order to overcome qualified immunity, "a plaintiff must establish that the defendant's conduct violated a federal constitutional or statutory right and that the right was clearly established at the time of the conduct." Hulen v. Yates, 322 F.3d 1229, 1237 (10th Cir. 2003) (citations omitted). If a plaintiff fails to establish either prong, the defendant will prevail on the defense. See A.M. v. Holmes, 830 F.3d 1123, 1134-35 (10th Cir. 2016), cert. denied sub nom. A.M. ex rel. F.M. v. Acosta, ___ U.S. ___ (2017).

First, the Court will address whether Plaintiff has shown Defendants violated his rights by wrongfully prosecuting him. To prevail on this claim, a plaintiff must show "(1) the defendant caused the plaintiff's confinement or prosecution; (2) the original action

4

terminated in the plaintiff's favor;[1] (3) there was no probable cause to confine or prosecute the plaintiff; (4) malice; and (5) damages." Cordova, 816 F.3d at 650 (citation omitted). To be deemed favorable, the termination of a prosecution "must in some way indicate the innocence of the accused" and "the mere fact that a prosecutor [chose] to abandon a case [is] insufficient." Id. at 651 (citations and internal quotation marks omitted). If the reason for termination is unclear, the court must "look to the stated reasons for the dismissal as well as to the circumstances surrounding it and determine whether the failure to proceed implies a lack of reasonable grounds for the prosecution." Id. (citation and internal quotation marks omitted). In other words, "the abandonment of prosecution that does not touch the merits . . . leaves the accused without a favorable termination." Id. (citation and internal quotation marks omitted); see also id. at 653-54 (emphasizing malicious prosecution actions are generally disfavored and should be carefully guarded against).

Plaintiff's arguments address only the second element of the claim. Plaintiff contends the municipal case was terminated in his favor because the wording of the request for dismissal indicates the prosecutor examined the case and determined the counts could not be proved beyond a reasonable doubt. The Court disagrees; the request for dismissal does not indicate Plaintiff's innocence. The motion simply states "upon further review and investigation [the City] moves for dismissal of the above captioned action." (Mot. to Dismiss Municipal Case, Dkt. No. 47-12.)

---

[1] Plaintiff appears to assume Defendants have the burden of proof on this claim, but as the Tenth Circuit has stated, even on a motion for summary judgment without the qualified immunity defense, "[i]t is the plaintiff's burden to show that the termination was favorable." Cordova v. City of Albuquerque, 816 F.3d 645, 650 (10th Cir. 2016) (citation omitted).

Plaintiff also points to the surrounding circumstances: Plaintiff submitted a Notice of Claim to the City of Oklahoma City regarding Defendants' actions and later filed a Petition in the Oklahoma County District Court. Plaintiff makes arguments regarding several details of the Notice of Claim and Petition, but the case was later dismissed for Plaintiff's failure to prosecute, so the Court fails to see their importance.

The municipal jury trial was continued three times. The case minute entry indicates one continuance was requested by agreed motion, one was requested by the City, and one was agreed. (Case Minute Entry, Dkt. No. 64-18, p. 2.) Plaintiff argues the case minute entry is incorrect and the final continuance was made per the City's request and over Plaintiff's objection. Plaintiff states the City moved to dismiss the case because his pretrial filings showed he could prove the officers were lying about what happened on March 2, 2012. These unsupported speculations fail to show the language of dismissal and surrounding circumstances imply a lack of reasonable grounds for the prosecution. Additionally, by not addressing any other element of his malicious prosecution claim or citing to case law clearly establishing a right at the time of conduct, Plaintiff fails to prove Defendants violated any of his constitutional or statutory rights, or that they knew or should have known their actions violated Plaintiff's rights. Accordingly, Defendants' Motion is granted on this claim.

IV. Conspiracy

The third cause of action is conspiracy, which Plaintiff brought against the moving Defendants and the City of Oklahoma City pursuant to 42 U.S.C. § 1983.[2] Plaintiff claims Defendants conspired to submit false evidence to support a malicious prosecution of Plaintiff. Defendants have raised qualified immunity as a defense to this claim. Therefore, the Court's first inquiry is whether Plaintiff has established that the Defendants' conduct violated a federal constitutional or statutory right.

The Complaint states "Hill was deprived of both his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded," and claims violations of the Fifth and Fourteenth Amendments. (Compl., Dkt. No. 1, p. 10.) When viewed in the light most favorable to Plaintiff, the facts suggest Plaintiff's constitutional rights were violated, but Plaintiff has not identified a theory of relief or cited case law that clearly establishes the right at the time of conduct. Plaintiff merely addresses the elements of conspiracy in his Response; he asserts no arguments regarding qualified immunity and the deprivation of rights. Accordingly, Plaintiff fails to overcome the qualified immunity defense.[3] The Court must grant Defendants' Motion on this claim.

---

[2] The Court notes that to prevail on the § 1983 conspiracy claim, "a plaintiff must plead and prove not only a conspiracy, but also an actual deprivation of rights; pleading and proof of one without the other will be insufficient." Dixon v. City of Lawton, Okla., 898 F.2d 1443, 1449 (10th Cir. 1990) (citations omitted).

[3] Defendants argue the evidence of Coffey's past bad acts and other evidence presented is inadmissible. The evidence in dispute is not material to this decision and the Court declines to decide the admissibility of such evidence this early in proceedings.

## V. Unlawful Restraint

Plaintiff alleges an unlawful restraint claim, where he states the moving Defendants used force and threats to "impose[] an unlawful restraint upon Plaintiff's freedom of movement, specifically by arresting and handcuffing his hands behind his back, also placing his body in full restraints, [and] transporting him to the Oklahoma County jail where he was detained in a cell." (Compl., Dkt. No. 1, p. 9.) Plaintiff does not state what constitutional right was violated, but Defendants do not argue Plaintiff failed to state a claim, so the Court construes this as an excessive force claim in violation of the Fourth and Fourteenth Amendments, as the Defendants also did in their arguments.

Defendants argue police officers are entitled to use a degree of force to protect themselves and the amount of force used against Plaintiff was proper. They concede that if the facts were as Plaintiff alleges, there would be a showing of excessive force, but argue the record clearly contradicts parts of Plaintiff's version of events and the remaining facts show Defendants are entitled to favorable judgment on this claim. Defendants state no reasonable jury could or would believe Plaintiff's version of events. The Court disagrees and finds that to make the determination Defendants request would rely too heavily on one witness's statement over another. The Court must not judge credibility of witnesses at summary judgment. See Fogarty v. Gallegos, 523 F.3d 1147, 1165 (10th Cir. 2008). The Court determines the photographs show injuries with undetermined origins and Plaintiff submits his own testimony and the testimony of Ms. Sangster and Ms. Ritz as admissible evidence that creates a dispute of material fact as to whether the Defendants' conduct was proper. Accordingly, Defendants' Motion is denied on this claim.

8

CONCLUSION

For the reasons stated, the Motion for Summary Judgment of Defendants Coffey, Shubert, Childs, and Owens (Dkt. No. 47) is GRANTED in part and DENIED in part. Judgment is granted in favor of Defendants on the malicious prosecution and § 1983 claims. The unlawful restraint/false imprisonment claim remains. Judgment shall issue at the conclusion of this case.

IT IS SO ORDERED this 10th day of July, 2017.

ROBIN J. CAUTHRON
United States District Judge