IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY HILL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CIV-15-881-C ) |
| CITY OF OKLAHOMA CITY, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Now before the Court is Defendant City of Oklahoma City's ("OKC") Motion to Strike Plaintiff's Expert (Dkt. No. 37). Plaintiff has responded and the Motion is now at issue.

OKC argues the expert, Mr. D.P. Van Blaricom, provides a report that violates the rules set out in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137 (1999), Graham v. Connor, 490 U.S. 386 (1989), Fed. R. Evid. 702, and the Scheduling Order governing this case. Plaintiff argues the report is proper and the Motion should be denied.

OKC argues the report violates the Court's Scheduling Order because it is labeled as a preliminary report. This argument is misplaced. Blaricom was entitled to label his report as preliminary because it was dated December 18, 2016, before the deadline for Plaintiff to submit expert reports to Defendants. Blaricom could have amended the report until the deadline, and after it passed, the report may be considered final. The Court will

not exclude an expert for such trivial matters as long as the report was submitted in a timely fashion to the appropriate parties.

The remainder of OKC's arguments do not go towards whether Blaricom's testimony is reliable[*] and are more properly raised in a motion in limine or as an objection at trial. OKC does not object to Blaricom's qualifications and past experiences that form the basis for his principles and methods. The Court has reviewed the report and finds it satisfies the requirements of Fed. R. Evid. 702.

## CONCLUSION

For the reasons stated, OKC's Motion to Strike Plaintiff's Expert (Dkt. No. 37) is DENIED.

IT IS SO ORDERED this 6th day of September, 2017.

*signature*

ROBIN J. CAUTHRON
United States District Judge

---

[*] Fed. R. Evid. 702 does not require Fed. R. Evid. 401 and 402 relevancy. While some issues raised may need to be addressed at a later date, OKC's relevancy arguments are will not be entertained here.