IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ANTHONY HILL, )
)
      Plaintiff, )
)
vs. ) Case No. CIV-15-881-C
)
JEFFERY COFFEY, CHRISTOPHER )
SHUBERT, AUSTIN CHILDS, and )
TIMOTHY OWENS, )
)
      Defendants. )

MEMORANDUM OPINION AND ORDER

Now before the Court is a Motion to Strike Witness and Exhibits (Dkt. No. 87) brought by Defendants Coffey,* Shubert, Childs, and Owens. Plaintiff has responded and the Motion is now at issue.

Defendants request the Court to strike three items from Plaintiff's Witness and Exhibit List: witness Jose Munoz, and exhibits 20 and 25 for failure to comply with Fed. R. Civ. P 26(e)(1)(A). Failure to comply with this rule can result in the information's exclusion or other sanctions pursuant to Fed. R. Civ. P. 37(c)(1) unless the failure was "substantially justified or is harmless." Id. The factors to consider whether the Rule 26(a) violation is justified or harmless are "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad

---

* Counsel repeatedly notes the spelling of Defendant Coffey's first name is listed incorrectly. If Defendants wish to substitute the party to correct the spelling, they are free to file a motion or make a request at docket call.

faith or willfulness." Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999) (citations omitted).

Defendants argue they would be prejudiced if Jose Munoz were permitted to testify because Plaintiff has not provided current contact information for the witness, therefore they have not had the opportunity to depose him. Plaintiff states he has not provided the contact information because he does not know where Munoz is located. Plaintiff has provided a last known address, and argues Defendants should be able to locate Munoz using that information. This leads the Court to conclude Plaintiff has the ability to cure the prejudice Defendants have suffered by the lack of information. Plaintiff filed this case on August 13, 2015, and discovery closed on March 1, 2017. This was ample time for Plaintiff to locate his own witness, which is his burden, and demonstrates Plaintiff's willful failure to properly prepare his case. Witness Jose Munoz is therefore stricken from Plaintiff's Witness and Exhibit List and Plaintiff shall not be permitted to introduce such evidence on a motion, at a hearing, or at trial.

Defendants request the exclusion of exhibit 25, which Plaintiff lists as "[d]ocuments proving Plaintiff's income since prosecution (to be used only if Plaintiff's testimony on the issue is challenged)." (Pl.'s Witness and Ex. List, Dkt. No. 41, p. 4.) Plaintiff claims $858,000.00 in lost earnings and has not provided a computation of the damages claimed pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii), causing prejudice to Defendants' ability to prepare for trial without an accurate basis for damages. Plaintiff's arguments regarding his testimony and the introduction of the exhibits is hinged upon Defendants challenging his testimony are immaterial, as Defendants are entitled to the information as an initial

2

disclosure. Additionally, Plaintiff offers no reason why he has not shared the documents, demonstrating the ability to cure Defendants' prejudice and a willful violation of Rule 26(a) and (e). Exhibit 25 is therefore stricken from Plaintiff's Witness and Exhibit List and Plaintiff shall not be permitted to introduce such evidence on a motion, at a hearing, or at trial.

Defendants also request exhibit 20, photographs of the scene of arrest, be stricken. Plaintiff states he has not provided the photographs because they do not yet exist and imply the photographs will be produced as part of the marked trial exhibit exchange. Defendants argue they are prejudiced because they have not been able to determine whether Plaintiff's photographs represent the scene of arrest as it would have appeared in March 2012 and it is unlikely photographs taken at this time will assist the jury in determining what happened in 2012. Defendants appear to introduce their own representation of the scene: a Google map of the apartment complex. (Defs.' Witness and Ex. List, Dkt. No. 42, p. 3.) The exhibit exchange date will leave time for Defendants to compare the two exhibits and determine whether they wish to object to Plaintiff's photographs. Defendants may also visit the scene to anticipate what the photographs will show today. Therefore, Defendants do not face a high amount of prejudice and have the ability to partially cure the prejudice. It would not disrupt the trial for this exhibit to be introduced and Defendants have given no reason for the Court to conclude Plaintiff is acting with bad faith or willfulness. Plaintiff will exchange the photographs along with all other documents which are to be introduced in evidence at least three business days before submission of the pretrial report. See LCvR39.4.

## CONCLUSION

For the reasons stated, Defendants' Motion to Strike Witness and Exhibits (Dkt. No. 87) is GRANTED in part and DENIED in part.

IT IS SO ORDERED this 9th day of November, 2017.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge